*Court of Common Pleas, Dauphin County, May 20th,* 1853.

KUNKEL *v.* SNODDY.

LANDIS *v.* SNODDY.

A justice of the peace cannot alter his docket after giving judgment. If a judg-
  ment is void, as for want of jurisdiction, it is bad as to all the world, and
  may be set aside on the motion of any one interested; if it is merely irregu-
  lar, it can only be set aside on the application of one of the parties.

BY THE COURT.—Motions have been made in these cases by
subsequent judgment creditors to set aside the judgments and exe-
cutions issued thereon, on the ground of want of jurisdiction in
the justice of the peace before whom they were entered; the
amount in each case exceeding one hundred dollars, and the tran-
script on file not showing that *both parties* appeared before the
justice at the time of confession. The plaintiffs have also ob-
tained rules on the justice to return a more perfect copy of his
record in each case. We have for answer to those rules, not a
full return of an existing record, but an alteration of his docket
made by the justice, as he imagines, according to the mandate of

[In the matter of Abraham Martin's Estate.]

the court. Such alteration is unauthorized, and must be treated as a nullity. We can give no sanction to such proceedings. If it is competent to show that, in point of fact, both parties voluntarily appeared before the justice, when the judgments were respectively confessed, that must be done by proof, not by altering the record. Whether such evidence is or is not competent, we do not now decide. If the justice had not jurisdiction in this case his judgments are nullities, and may be treated as such by the present applicant and all the world. If only irregular or defective, they may be avoided by the defendant, but no other person has a right to interfere with them, either by a motion to strike off the transcripts, or by suing out a *certiorari* to the justice, or writ of error to this court. If any principle may be treated as settled in Pennsylvania, it is that no person but the party to a judgment can take advantage of irregularity in its entry. The point was variously decided for some time according to the supposed hardship of the case, but of late the principle has not been questioned. Actual fraud in the concoction of a judgment, or want of jurisdiction in the court can be taken advantage of by third persons, whose interests are affected, by questioning its validity collaterally in the first case, and treating it as a nullity in the second. It is also said that writs of *fi. fa.* issued on these judgments without an execution and return of *nulla bona* before the justice. That is at most an irregularity, which the defendant could waive, and of which others cannot complain. The motions to strike off the judgments and set aside the executions are refused in both cases, without prejudice to those making them, who can, if they see proper, take other and legal courses to contest the right to the money raised from the defendant's property if sold, or to sell the same and claim the proceeds if it remains in his hands undisposed of.

*Carson, for plaintiff.*

*Brown, for defendant.*